*E-FILED - 5/11/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABEL P. REYES, | ) | No. C 10-1838 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| HEADPASS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of California challenging a disciplinary hearing. Petitioner's motion to proceed in forma pauperis was granted. On April 29, 2010, the Eastern District of California transferred the case to the Northern District of California. The court orders respondent to show cause as to why the petition should not be granted.

**BACKGROUND**

According to his petition, petitioner was issued a Rules Violation Report (RVR) at Pleasant Valley State Prison for violation of the California Code of Regulations, Title 15 § 3005, battery on an inmate with a weapon. He pled not guilty and was provided with an institutional disciplinary hearing on December 23, 2007. Petitioner was found guilty as charged. He was assessed 360 days loss of behavioral credit and a two year term in the Secured Housing Unit.

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.10\Reyes838osc.wpd

1   Petitioner filed the instant petition alleging that his due process rights were violated
2 during his disciplinary hearing. Petitioner filed a state habeas petition which was denied on
3 December 19, 2008. Petitioner's state habeas petition to the California Court of Appeal was
4 denied on August 21, 2009. Petitioner's state habeas petition to the California Supreme Court
5 was denied on February 18, 2010. The underlying petition was filed on March 25, 2010.

**DISCUSSION**

7   A.   Standard of Review
8   This court may entertain a petition for writ of habeas corpus "in behalf of a person in
9 custody pursuant to the judgment of a state court only on the ground that he is in custody in
10 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose
11 v. Hodges, 423 U.S. 19, 21 (1975).
12   A district court shall "award the writ or issue an order directing the respondent to show
13 cause why the writ should not be granted, unless it appears from the application that the
14 applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.
15   B.   Petitioner's Claims
16   As grounds for federal habeas relief, petitioner alleges that his rights to due process were
17 violated during his disciplinary hearing. Petitioner's procedural due process challenges to his
18 disciplinary proceeding are properly brought in a habeas petition because success in this action
19 would shorten the length of his confinement. See Calderon v. Ashmus, 523 U.S. 740, 747
20 (1998) (holding that any claim by a prisoner attacking the validity or duration of his confinement
21 must be brought under the habeas sections of Title 28 of the United States Code). Liberally
22 construed, petitioner's allegation is sufficient to require a response.

**CONCLUSION**

24   1.   The clerk shall serve by mail a copy of this order and the petition
25 and all attachments thereto upon the respondent and the respondent's attorney, the Attorney
26 General of the State of California. The clerk shall also serve a copy of this order on the
27 petitioner.
28   2.   Respondent shall file with the court and serve on petitioner, within **sixty days** of

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.10\Reyes838osc.wpd        2

the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/11/10

RONALD M. WHYTE
United States District Judge