*E-FILED - 7/29/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABEL P. REYES, | ) | No. C 10-1838 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS |
| vs. | ) | CORPUS; DENYING |
| | ) | CERTIFICATE OF |
| | ) | APPEALABILITY |
| HEADPASS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary hearing. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities. Petitioner has responded with a traverse. For the reasons set forth below, the petition for a writ of habeas corpus is DENIED.

## BACKGROUND

On November 15, 2007, Correctional Officer J. Duty was approached by the victim inmate ("victim"), who asked to go to the medical clinic because he needed treatment. (Resp. Ex. 2, Rules Violation Report.) Once at the medical clinic, the victim revealed two lacerations -- one on the front of his left thigh area and the other on the back of his left thigh area. (Id.) Duty returned to the victim's cell, which was shared with petitioner, and placed petitioner in

handcuffs.  (Id.)  Duty observed blood stains on a bed sheet in the upper bunk, and noted a laceration to petitioner's left pinky finger, abrasions or scratches to the left side of petitioner's face, and an abrasion or scratch on petitioner's right hand knuckle area.  (Id.)  Correctional Officer Mendoza collected evidence from the crime scene, and photographed both the victim's and petitioner's injuries.  (Traverse, Ex. D.)  Petitioner was charged with battery on an inmate with a weapon.

On December 23, 2007, petitioner had a hearing regarding the disciplinary charge. (Resp. Ex. 2, Rules Violation Report - Part C.)  He pleaded not guilty.  (Id.)  He explained the victim was cutting himself, and that he tried to stop him.  (Id.)  Petitioner also explained that the small cuts on his neck were from shaving, and the scratch on his left pinky happened while he was at his vocations assignment.  (Id.)  In response to questions asked of him, the victim corroborated petitioner's statements and answered that he cut himself while petitioner was attempting to stop him. (Id.)  Ultimately, petitioner was found guilty.  (Petition at 7.)  The hearing officer found that the cut around petitioner's jawline looked like it was from a "defensive attempt to stop the attack," and noted that the area around the wound showed 1-2 days of hair growth and no hair shaved on any area of petitioner's face.  (Resp. Ex. 2, Rules Violation Report - Part C.)  The hearing officer further noted that although it was corroborated that petitioner sustained an injury while at his vocations assignment, the photograph showed a fresh wound that was consistent with defensive wounds.  (Id.)  Finally, the hearing officer found the victim's statements to be unreliable.  (Id.)  Petitioner was assessed, inter alia, 360 days loss of credit.  (Id.)

## DISCUSSION

### A.     Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that

1  was reviewed on the merits in state court unless the state court's adjudication of the claim

2  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

3  clearly established federal law, as determined by the Supreme Court of the United States; or (2)

4  resulted in a decision that was based on an unreasonable determination of the facts in light of the

5  evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  The first prong applies

6  both to questions of law and to mixed questions of law and fact, <u>Williams v. Taylor</u>, 529 U.S.

7  362, 384-86 (2000), while the second prong applies to decisions based on factual determinations,

8  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

9         "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

10  court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

11  law or if the state court decides a case differently than [the] Court has on a set of materially

12  indistinguishable facts."  <u>Williams</u>, 529 U.S. at 412-13.  A state court decision is an

13  "unreasonable application of" Supreme Court authority, falling under the second clause of

14  § 2254(d)(1), if the state court correctly identifies the governing legal principle from the

15  Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's

16  case."  <u>Id.</u> at 413.  The federal court on habeas review may not issue the writ "simply because

17  that court concludes in its independent judgment that the relevant state-court decision applied

18  clearly established federal law erroneously or incorrectly."  <u>Id.</u> at 411.

19         Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination

20  will not be overturned on factual grounds unless objectively unreasonable in light of the

21  evidence presented in the state-court proceeding."  <u>Miller-El</u>, 537 U.S. at 340.  The court must

22  presume correct any determination of a factual issue made by a state court unless the petitioner

23  rebuts the presumption of correctness by clear and convincing evidence.  <u>See</u> 28 U.S.C. §

24  2254(e)(1).

25  **B.**    **<u>Petitioner's Claims</u>**

26         As grounds for federal habeas relief petitioner claims that his right to due process was

27  violated during the disciplinary hearing because he was not permitted to call witnesses to attend

28  the hearing either in person or by telephone, and there was insufficient evidence to find him

1   guilty of battery upon an inmate.

2        1.    Right to call witnesses

3        Petitioner claims that he requested two witnesses at the hearing – J. Shaw, Vocational

4   Instructor, and the victim.  Petitioner argues that his request was ignored.

5        An inmate in California is entitled to due process before being disciplined when the

6   discipline imposed will inevitably affect the duration of his sentence.  See Sandin v. Conner, 515

7   U.S. 472, 484, 487 (1995).  The process due in such a prison disciplinary proceeding includes

8   written notice, time to prepare for the hearing, a written statement of decision, allowance of

9   witnesses and documentary evidence when not unduly hazardous, and aid to the accused where

10  the inmate is illiterate or the issues are complex.  Wolff, 418 U.S. at 564-67.  The Due Process

11  Clause only requires that prisoners be afforded those procedures mandated by Wolff and its

12  progeny; it does not require that a prison comply with its own, more generous procedures.  See

13  Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

14       The superior court denied this claim, observing that there was nothing in the record to

15  support petitioner's argument.  (Resp., Ex. 3.)

16       The record demonstrates that on November 29, 2007, Investigative Employee

17  Correctional Officer E. Clark interviewed petitioner regarding the incident.  (Petition, Ex. B.)

18  Petitioner stated that he did not cut the victim; rather, the victim cut himself.  (Id.)  In response to

19  petitioner's questions, Vocational Instructor J. Shaw indicated that he remembered petitioner

20  being present on November 15, but did not remember petitioner asking for a band-aid.  (Id.)  In

21  response to petitioner's questions, the victim stated that he cut himself on his thigh area, that he

22  had stopped taking his medication, that petitioner stopped him from cutting himself more, that

23  petitioner had cut himself shaving, and that petitioner cut his finger at work.  (Id.)

24       It is undisputed that these statements, as well as petitioner's statements, were considered

25  by the hearing officer at the hearing.  (Petition, Exs. B, C.)  Although petitioner claims that he

26  should have been permitted to have the witnesses present at the hearing either in person or by

27  telephone, he has offered no evidence that either of the witnesses had any additional or relevant

28  information to offer at the hearing that was not already presented.  See Wolff, 418 U.S. at 566

1   ("Prison officials must have the necessary discretion to keep the hearing within reasonable

2   limits."); Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir. 1989) (finding no due process

3   violation when hearing officer denied requested witnesses because they would not provide

4   additional information).

5       Even assuming that the failure to have Shaw or the victim appear at the hearing even

6   telephonically violated petitioner's due process, petitioner has not offered any evidence

7   indicating that any omitted testimony of witnesses he wished to call would have changed the

8   result.  Presumably, the testimony petitioner wished to proffer at the hearing from the witnesses

9   was already provided by the statements recorded by the Investigative Employee.  (Petition, Exs.

10   B, C.)  Thus, any error was harmless.  See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

11       2.      Sufficiency of the Evidence

12       Next, petitioner claims that there was not "some evidence" to support his guilty finding.

13   The revocation of good-time credits does not comport with the minimum requirements of

14   procedural due process in Wolff unless the findings of the prison disciplinary decision-maker are

15   supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

16   There must be "some evidence" from which the conclusion of the decision-maker could be

17   deduced.  Id. at 455.  An examination of the entire record is not required nor is an independent

18   assessment of the credibility of witnesses or weighing of the evidence.  Id.  The relevant question

19   is whether there is any evidence in the record that could support the conclusion reached by the

20   disciplinary decision-maker.  Id.  This standard is considerably lower than that applicable in

21   criminal trials.  Id. at 456.

22       The evidence relied upon by the hearing officer in finding petitioner guilty of battery

23   upon an inmate with a weapon meets Hill's "some evidence" standard.  The state court correctly

24   identified the "some evidence" standard as the standard for judicial review and reasonably

25   applied it.  (Resp., Ex. 3.)

26       Petitioner's arguments here – that the victim stated that the wounds were self-inflicted,

27   that the victim stated that petitioner was the one who stopped him from continuing to cut

28   himself, that the cut on petitioner's face was from shaving, and that the cut on petitioner's hand

1   occurred when he was at his vocations assignment – do not aid petitioner because this court is

2   not permitted to re-weigh the evidence in evaluating whether the "some evidence" standard is

3   met.  See Hill, 472 U.S. at 455.  Here, the evidence included the observations that the cut on

4   petitioner's face and hand were consistent with defensive wounds; that the area around the injury

5   on petitioner's face demonstrated that he had not shaven in at least one day, which contradicted

6   his explanation for the cut; and that petitioner had cuts and abrasions to his face and hands.  The

7   evidence satisfies the "some evidence" requirement.  While petitioner did have evidence in his

8   defense, the hearing officer did not have to accept it as true.

9        "The Federal Constitution does not require evidence that logically precludes any

10   conclusion but the one reached by the disciplinary board."  Hill, 472 U.S. at 445.  Thus, although

11   the evidence could have led to another result for petitioner, the evidence to support the

12   disciplinary decision was constitutionally sufficient and reliable.  Petitioner's right to due

13   process was not violated by prison officials' decision to find him guilty.  The state court's

14   rejection of his claim was not contrary to or an unreasonable application of clearly established

15   federal law.

16                                    **CONCLUSION**

17        For the reasons set forth above, the petition for writ of habeas corpus is DENIED.  The

18   clerk shall close the file.

19                          **CERTIFICATE OF APPEALABILITY**

20        The federal rules governing habeas cases brought by state prisoners require a district

21   court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its

22   ruling.  Petitioner has failed to make a substantial showing that his claims amounted to a denial

23   of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his

24   claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA

25   is DENIED.

26        IT IS SO ORDERED.

27   Dated:  7/28/11

28                                    _Ronald M. Whyte_
                                     RONALD M. WHYTE
                                     United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ABEL REYES,

               Plaintiff,

  v.

HEADPASS et al,

               Defendant.

_____/

Case Number: CV10-01838 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Abel P. Reyes P-55763
Kern Valley State Prison
3000 West Cecil Avenue
Post Office Box 5103
Delano, CA 93216-5103


Dated: July 29, 2011

                                   Richard W. Wieking, Clerk
                                   By: Jackie Lynn Garcia, Deputy Clerk